UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILLIAM PEEK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00341-JMS-MJD |
| | ) | |
| S. JULIAN Warden, | ) | |
| BUREAU OF PRISONS, | ) | |
| | ) | |
| Respondents. | ) | |

**Entry Granting Motion to Dismiss and Directing Entry of Final Judgment**

The petitioner brought this action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, against S. Julian of the Bureau of Prisons seeking a reduction in his sentence based on his completion of a program. He originally filed this action in the Eastern District of Michigan and filed an identical action in the Southern District of Indiana. Case No. 2:17-cv-183-LJM-MJD. Finding that the petitioner is not entitled to that relief, this Court dismissed that action. Then, the action in the Eastern District of Michigan was transferred to this Court and the respondent filed a motion to dismiss, dkt. [18]. The petitioner responded to the motion to dismiss by filing a motion for summary judgment, dkt. [21], and the defendant responded in opposition to the plaintiff's motion, dkt. [22].

**I. The Petitioner's Motion for Summary Judgment**

In his motion for summary judgment, the petitioner argues that the government should be bound by the position it took in this case before the case was transferred to this Court. Although that position was favorable to the petitioner, it was based upon case law that was later overturned by the United States Supreme Court in *Lopez v. Davis,* 531 U.S. 230 (2001). The petitioner had notice of the existence of *Lopez* from at least the date of this Court's dismissal of Case No. 2:17-

cv-183-LJM-MJD on May 2, 2017, before the government filed its response to this petition in the Eastern District of Michigan. He therefore cannot succeed in making an equitable claim to hold the government to a position that he knew was in conflict with binding precedent. Even if that was not the case, it would be legal error for the Court to rely on case law that has been overturned by later Supreme Court precedent. For these reason, the petitioner's motion for summary judgment, dkt. [21], is **denied**.

## II. The Respondent's Motion to Dismiss

In his petition, the petitioner alleges that he completed the Residential Drug Abuse Program ("RDAP") at Terre Haute. Pursuant to 18 U.S.C § 3621(e)(2), "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." The petitioner asserts that, although he successfully completed the RDAP, he was denied a sentence reduction under § 3621. Specifically, the Bureau of Prisons cited, among other things, 28 C.F.R. § 550.5(b)(5)(ii) as a basis for denying the reduction, which is a regulation that prevents inmates from receiving a sentence reduction if they are serving a sentence for a felony that involved possession of a firearm.

The plaintiff brings two challenges to the denial of his sentence reduction. First, he argues that there was no evidence proffered by the government during his underlying criminal case that he possessed a gun in the course of his drug offense. Second, he contends that the Bureau of Prisons lacked authority to exclude an entire category of prisoners via 28 C.F.R § 550.5(b) from eligibility for a sentence reduction under 18 U.S.C § 3621(e)(2). The petitioner maintains that, pursuant to the APA, the Court should set aside the Bureau of Prisons's decision and order a reduction in his sentence.

These exact arguments have been foreclosed by the Seventh Circuit and Supreme Court, respectively. First, the Seventh Circuit has rejected a similar challenge by a prisoner who argued that he did not possess a firearm during the commission of his underlying conviction. *See Lopez v. Rios*, 553 Fed. Appx. 610, 610 (7th Cir. 2014). Although in that case the prisoner bought his claim via a 28 U.S.C. § 2241 habeas petition, the Seventh Circuit noted that he would not have been successful even if his claim was brought under the APA because "[a]n APA action contesting a discretionary denial of early release after successful completion of drug treatment . . . is categorically barred by [18 U.SC.] § 3625." *Id.* (collecting cases).

In that same case, the Seventh Circuit also rejected the second argument the petitioner raises here. Specifically, the Seventh Circuit noted that "a challenge to the BOP's general policy also hits a dead end since the Supreme Court has held that excluding from early release those prisoners who were involved with firearms is a reasonable, permissible administrative policy." *Id.* (citing *Lopez v. Davis*, 531 U.S. 230, 244 (2001)).

Because district courts are not permitted to "convert" APA suits into habeas corpus actions, or vice versa, *see Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004), the Court has assessed the petitioner's claims only for whether they state a viable APA claim, as this is expressly the vehicle through which the petitioner's claims are raised. Thus, the Court takes no view on whether the petitioner has viable challenges to the denial of sentencing reduction pursuant to 28 U.S.C. § 2241. *See Lopez*, 553 Fed. Appx. at 611 (noting the types of challenges that can be raised in § 2241 habeas petitions).

For these reasons, the petitioner has failed to state a viable claim for relief under the APA, the defendant's motion to dismiss, dkt. [18], is **granted** and this action must be **dismissed**.

Judgment consistent with this Entry shall issue now.

**IT IS SO ORDERED**.

Date: 12/27/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM PEEK
50001-039
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jill.julian@usdoj.gov